

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 1, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-176

Re: The accrual of interest
and penalties on real
estate taxes on property
vested under the Alien
Property Act.

Dear Sir:

You have requested the opinion of this Department on the following situation:

"Under the provisions of Public Law 671, 79th Congress, approved August 8, 1946, the Alien Property Custodian now is empowered to pay real estate taxes and special assessments affecting vested properties whether the taxes accrued prior or subsequent to the date of vesting. Provided, however, that under this statute such payments may only be made where there are sufficient funds held in the account of the former owner to cover same.

"This department is informed that it is the desire of the Custodian to pay all taxes which are due and payable, where the Custodian has on hands proceeds from the property or other funds of the same owner in amount sufficient to pay taxes appropriate under the law. It is the contention of the Custodian that no interest and/or penalties accrue after vesting date of the property.

"This department has been requested to instruct Tax Collectors, where property has vested under the Alien Property Law, to revise their rolls or statements for delinquent taxes on such property to conform with the proposals outlined by the Alien Property Custodian.

"This department will, therefore, thank you to advise us whether or not we have the authority to authorize such Tax Collectors to accept the money as tendered by the Alien Property Custodian in payment of taxes and clear the rolls of such interest and penalties as may be shown to be due."

The pertinent parts of Public Law 671, 79th Congress, approved August 6, 1946, relating to the payment of taxes by the Alien Property Custodian upon property or interest therein which has been transferred to or vested in him, are as follows:

"Sec. 36.  (a)  The vesting in or transfer to the Alien Property Custodian of any property or interest (other than any property or interest acquired by the United States prior to December 18, 1941), or the receipt by him of any earnings, increment, or proceeds therof shall not render inapplicable any Federal, State, Territorial, or local tax for any period prior or subsequent to the date of such vesting or transfer, nor render applicable the exemptions provided in title II of the Social Security Act with respect to service performed in the employ of the United States Government or of any instrumentality of the United States.  (Emphasis added)

"'(b)  The Alien Property Custodian shall, notwithstanding the filing of any claim or the institution of any suit under this Act, pay any tax incident to any such property or interest, or the earnings, increment, or proceeds thereof, at the earliest time appearing to him to be not contrary to the interest of the United States.  The former owner shall not be liable for any such tax accruing while such property, interest, earnings, increment, or proceeds are held by the Alien Property Custodian, unless they are returned pursuant to this Act without payment of such tax by the Alien Property Custodian.  Every such tax shall be paid by the Alien Property Custodian to the same extent, as nearly as may be deemed practicable, as though the property or interest had not been vested in or transferred to the Alien Property Custodian, and shall be paid only out of the property or interest, or earnings, increment, or proceeds thereof, to which they are incident or out of other property or interests acquired from the same former owner, or earnings, increment, or proceeds thereof.  No tax liability may be enforced from any property or interest or the earnings, increment, or proceeds thereof while held by the Alien Property Custodian except with his consent. Where any property or interest is transferred, otherwise than pursuant to section 9 (a) or 32 hereof, the Alien Property Custodian may transfer the property or interest free and clear of any tax, except to the extent of any lien for a tax existing and

perfected at the date of vesting, and the proceeds of such transfer shall, for tax purposes, replace the property or interest in the hands of the Alien Property Custodian.

" ׳ . . . . .

"(d)  The word 'tax' as used in this section shall include, without limitation by reason of this enumeration, any property, income, excess-profits, war-profits, excise, estate and employ-ment tax, import duty, and special assessment; and also any interest, penalty, additional amount, or addition thereto not arising from any act, omis-sion, neglect, failure, or delay on the part of the Custodian."  (Emphasis added)

In view of the emphasized verbiage of subsection (d), supra, it is clear that the Alien Property Custodian need not pay any interest or penalty arising from any act, omission, neglect, failure or neglect on his part.  But such conduct on the part of the Alien Property Custodian does not prevent the statutory accrual of the interest and/or penalty upon the basic tax in view of the emphasized portion of subsection (a), which provides that the vesting of the title to the property in the Alien Property Custodian shall not render inapplicable any State tax for any period prior or subsequent to the date of vesting or transfer.

The contention of the Alien Property Custodian stated in your request is without merit, subject to the exception in subsection (d) referred to above, and the Comptroller does not have the authority to authorize the Tax Collector to accept the taxes and clear the rolls without the payment of the accrued penalties and interest.

## SUMMARY

The Comptroller of Public Accounts is not authorized to direct Tax Collectors to receive payment of taxes from the Alien Property Custodian under the provisions of Public Law 671, 79th Con-gress, and clear the rolls without payment of accrued interest and penalties thereon.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/C.K. Richards
Assistant

CKR/lh/wc

APPROVED: MAY 1, 1947
s/Price Daniel
ATTORNEY GENERAL OF TEXAS